**2015 UT App 121**

# THE UTAH COURT OF APPEALS

STATE OF UTAH, IN THE INTEREST OF T.W., A PERSON UNDER
EIGHTEEN YEARS OF AGE.

K.W.,
Appellant,
*v.*
STATE OF UTAH,
Appellee.

Per Curiam Decision
No. 20150063-CA
Filed May 14, 2015

Fourth District Juvenile Court, Provo Department
The Honorable Brent H. Bartholomew
No. 1080697

Erik G. Jacobson and Margaret P. Lindsay, Attorneys
for Appellant

Sean D. Reyes and John M. Peterson, Attorneys
for Appellee

Martha Pierce, Guardian ad Litem

Before JUDGES J. FREDERIC VOROS JR., STEPHEN L. ROTH, and
JOHN A. PEARCE.

PER CURIAM:

¶1     K.W. (Mother) appeals the termination of her parental
rights. She asserts that there was insufficient evidence to support
the grounds for terminating her parental rights. Mother also
alleges that the Division of Child and Family Services (DCFS)
did not make reasonable efforts to reunify Mother with T.W.

¶2      "[I]n order to overturn the juvenile court's decision [to terminate a person's parental rights,] 'the result must be against the clear weight of the evidence or leave the appellate court with a firm and definite conviction that a mistake has been made.'" *In re B.R.*, 2007 UT 82, ¶ 12, 171 P.3d 435 (citation omitted). We "review the juvenile court's factual findings based upon the clearly erroneous standard." *In re E.R.*, 2001 UT App 66, ¶ 11, 21 P.3d 680. A finding of fact is clearly erroneous only when, in light of the evidence supporting the finding, it is against the clear weight of the evidence. *See id.* Further, we give the juvenile court a "'wide latitude of discretion as to the judgments arrived at' based upon not only the court's opportunity to judge credibility firsthand, but also based on the juvenile court judges' 'special training, experience and interest in this field.'" *Id.* (citations omitted). Finally, "[w]hen a foundation for the court's decision exists in the evidence, an appellate court may not engage in a reweighing of the evidence." *In re B.R.*, 2007 UT 82, ¶ 12.

¶3      Mother initially argues that DCFS did not make reasonable efforts to reunify her with T.W. The juvenile court "has broad discretion in determining whether DCFS has made reasonable efforts at reunification." *In re A.C.*, 2004 UT App 255, ¶ 12, 97 P.3d 706. The reason for this discretion is that "[t]he factual situations that give rise to the termination of parental rights vary greatly; thus, the number, quality, and array of services that should be provided for reunification also vary greatly." *Id.* ¶ 11. The record demonstrates that Mother was offered extensive services, some of which she took advantage of and some of which she did not. Further, due to Mother's delay in accessing some of the services she did not progress to the point that she could access other available services, such as family counseling. Mother also argues that it was unfair that T.W.'s foster parents were offered some services that she was not. The services offered to the foster parents to assist them in caring for T.W. are immaterial to the determination of whether Mother

received reasonable services. Under the circumstances we cannot say that the juvenile court abused its discretion in determining that the services offered to Mother by DCFS were reasonable.

¶4 Mother next asserts that there was insufficient evidence to support the determination that Mother was an unfit parent. The evidence in the record supports the juvenile court's determination.[1] When T.W. was removed from Mother's care the evidence demonstrated that he was not receiving the care he needed. Specifically, T.W. was barely verbal and he was emotionally and developmentally delayed. He also had untreated ear and sinus infections. Soon thereafter, T.W. was diagnosed with austism. Over the course of the next year while in the care of his foster parents, T.W. progressed significantly in his development. Meanwhile, Mother failed to complete certain aspects of her service plan that were important to develop her ability to parent T.W. given his special needs. Accordingly, even though Mother had made significant progress in her plan, she had not yet progressed to the point that she could have unsupervised visits with T.W., despite the fact that Mother had received reunification services for the maximum time allowed by law. *See* Utah Code Ann. § 78A-6-312(13)(a) (LexisNexis Supp. 2015) (limiting reunification period to twelve months plus extensions allowed by the statute). Further, testimony indicated that Mother had not yet learned to implement some of the information she was learning, nor was she ready to provide T.W.

---

1. The court also determined that other grounds supported the termination of Mother's parental rights. Mother alleges that there was insufficient evidence to support those grounds. However, because the evidence supports the juvenile court's determination that Mother was unfit, we do not review these other grounds. *See In re F.C.*, 2003 UT App 397, ¶ 6, 81 P.3d 790 (noting that any single ground is sufficient to terminate parental rights).

with the stability he needed in his life. Thus, evidence in the record supports the juvenile court's determination that Mother was unfit. *See In re B.R.*, 2007 UT 82, ¶ 12. Because evidence supports the juvenile court's determination, this court may not engage in reweighing the evidence, even though the case may present a close call.

¶5    Finally, Mother does not allege that the juvenile court erred in determining that it was in T.W.'s best interest to terminate Mother's parental rights. Accordingly, we do not address that issue.

¶6    Affirmed.

———————